488 A.2d 335

David M. JOHNSON

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 17, 1984.

Filed Feb. 15, 1985.

Charles W. Kenrick, Pittsburgh, for appellant.

Ruth A. Zittrain, Pittsburgh, for appellee.

Before ROWLEY, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

In this appeal, State Farm Mutual Automobile Insurance Company seeks to overturn a declaratory judgment of the Court of Common Pleas of Allegheny County. The court held that the plaintiff, David M. Johnson, was entitled to reimbursement, with interest, from State Farm for medical expenses incurred after a car accident, and that the insurer must pay the plaintiff's attorney's fees pursuant to Sec. 107(3) of the No-Fault Motor Vehicle Insurance Act, 40 Pa.C.S. Sec. 1009.101–701 (Purdon's 1984–85 Supp.). We affirm the order of the lower court.

David M. Johnson, a high school student, was injured in a car accident on July 7, 1981. His father, Philip, held a Blue Cross/Blue Shield health insurance policy; he also held a State Farm Mutual automobile insurance policy.[1] David's sister, Anna, also held a State Farm policy of automobile insurance. David's father had elected to coordinate benefits under his auto insurance policy, making Blue Cross/Blue Shield the primary payor of benefits in the event of an accident. David's sister had made no such election.

---

[1] Philip Johnson actually held two State Farm auto insurance policies. David has claimed benefits from only one. The policy allowed payment of medical costs in excess of the primary payor's coverage; these excess costs have been paid.

After incurring medical expenses, David received reimbursement from Blue Cross/Blue Shield. He then sought to recover the same expenses from State Farm under his sister's policy.[2] Although, under his sister's policy, David was a covered person, State Farm refused full reimbursement, maintaining that Blue Cross/Blue Shield's involvement permitted State Farm to share with the health insurer the net cost of medical expenses and that David was not entitled to full basic loss benefits under the auto insurance policy.[3] David sued for a declaratory judgment on benefits due; when the court below held for him, State Farm appealed.

■ The issue may be stated as follows: When a person has medical insurance under both automobile insurance and health plans, does the No-Fault Act restrict recovery to the net loss, split equally between the covering insurers? State Farm maintains that the No-Fault Act may be interpreted so as to make health insurers "obligors" within the meaning of the No-Fault Act, and that when two or more obligors exist, the insured may be reimbursed for only the net loss and the obligors may divide the cost between them.

Appellee, on the other hand, maintains that health insurers cannot be "obligors" under the Act, and thus the provision allowing contribution among multiple sources of equal property, 40 Pa.C.S. Sec. 1009.204(b), is inapplicable. Thus, appellee argues, an insured may receive more than his net loss when covered by a health policy and an automobile policy.

We do not believe that the legislature, when it enacted the No-Fault Act, meant to denote health insurers as "obligors" to which the Act applied. 40 Pa.C.S. Sec. 1009.103 defines "obligor" as "an insurer, self-insurer, or obligated

2. The sister's policy covered all members of the sister's household, including David.

3. State Farm apparently has changed its theory of non-liability several times since the accident, but this is the theory upon which it relies here.

government providing no-fault benefits in accordance with this act." Since Blue Cross/Blue Shield does not provide benefits "in accordance with this act," i.e., for motor vehicle-related injuries, it is not an obligor within the meaning of the Act.

This conclusion is bolstered by 40 Pa.C.S. Sec. 1009.203, which specifically notes, inter alia, that sources of reimbursement for medical expenses other than automobile insurance exist, and that coordination of benefits is allowed. This indicates that the legislature did not intend that all insurers who provide medical benefits be considered "obligors" under the Act; some providers were clearly thought to be outside the Act.[4]

We are mindful, too, of the Supreme Court's dicta in *Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 459, 421 A.2d 629, 636 (1980). There, the Court referred to double reimbursement from health insurers and automobile insurers in a manner indicating the practice is allowable. *See also Steppling v. Pennsylvania Manufacturers' Association Insurance Co.*, 328 Pa.Super. 419, 477 A.2d 515 (1984) (fact that insured has received reimbursement from source other than automobile insurer irrelevant in suit for basic loss benefits).

Thus, Sec. 204(b) does not operate to relieve State Farm of its obligation to reimburse David fully for his medical expenses.

---

4. (b) The owner or operator of a motor vehicle may elect to provide for security in whole or in part for the payment of basic loss benefits through a program, group, contract or other arrangement that would pay to or on behalf of the victim or members of his family residing with him or the survivor of the deceased victim, allowable expense, loss of income, work loss, replacement services loss and survivors loss. In all such instances, each contract of insurance issued by an insurer shall be construed to contain a provision that all basic loss benefits provided therein shall be in excess of any valid and collectible benefits otherwise provided through such program, group, contract or other arrangement as designated at the election of the owner or operator which shall be primary.
40 P.S. Sec. 1009.203 (Purdon's 1984–85 Supp.).

■ The second issue is whether the plaintiff is entitled to attorney's fees under Sec. 107(3) of the Act. Appellant maintains that there was a reasonable basis for denying the claim and that there was no bad faith involved in the denial, and thus attorney's fees should be denied. Appellee, on the other hand, asserts that the court's award of fees was proper, citing State Farm's changing theories of non-liability, the lack of case law supporting its contentions, and *Steppling v. Pennsylvania Manufacturers' Association Insurance Co., supra.*

In *Steppling*, this Court held that attorney's fees were awarded correctly when the insurer had cited no case law or authorities supporting its theory for denying benefits.[5] The theory relied upon in *Steppling* was neither novel nor complex, since the Supreme Court had alluded to such recovery in 1980, two years prior to the company's denial of the claim.

Here, too, the appellant has cited no case law or authority to support its theory that the existence of health insurance permits an auto insurer to escape its obligation to pay benefits to injured insureds. It simply weaves an intricate web of logic to back its claim, using selected portions of the No-Fault statute, and argues that the issue is new and is properly before the courts for review. We agree with the court below that there was no reasonable basis for denying reimbursement, and that the theory upon which appellant relies has been addressed before. *See Allstate Insurance Co. v. Heffner, supra,* in which the Supreme Court indicated that recovery from both health and auto insurers was possible. Accordingly, attorney's fees were awarded properly to appellee.

The order of the court below is affirmed.

5. In *Steppling,* the insurer sought to deny reimbursement on the grounds that "reimbursement" payments could only be made to health service providers, and because the providers had refused payment, having been paid by Blue Cross/Blue Shield, the insurer was under no obligation to give money to the insured. The court said the argument was "frivolous." 328 Pa.Super. 419, 429, 477 A.2d 515, 522.